## JESSE SEARCY v. THE STATE.

### No. 6322.     Decided June 15, 1921.

**1.—Robbery—Foreman of Grand Jury—Service of Indictment—Rule Stated.**

It is the settled law of this State that the signature of the foreman of the grand jury to an indictment is a matter of form, and its omission will not invalidate the indictment or the service upon defendant of a copy of the indictment otherwise correct.

**2.—Same—Continuance—Want of Diligence—Date of Subpoena.**

Sending a *subpoena* to the witness would not be diligence, and the date of the issuance of such *subpoena* should be stated, and to whom delivered, and where the application did not comply with the requirements of the statute, the same was correctly overruled.

**3.—Same—Principals—Charge of Court—Requested Charge.**

An acting together in the robbery of several persons would make the participants guilty, without proof of any particular agreement at one of the injured parties, and if the weapon used in the assault was a pistol, proof would not be necessary that it was agreed among the alleged principals that a pistol should be used, and there was no error in refusing the requested charges. Following Ross v. State, 60 Texas Crim. Rep., 547.

**4.—Same—Evidence—One Transaction—Other Transactions.**

Where, upon trial of robbery, the two transactions were so closely connected as to make it apparent that the men who were engaged in one were engaged in the other, there was no error in admitting testimony material to the development of the entire transaction.

**5.—Same—Evidence—Corroboration.**

Where, upon trial of robbery, several parties were injured who were alleged to have been robbed, there was no error in admitting testimony that witnesses saw them about the time or shortly after the alleged robbery; in corroboration of the testimony of the injured parties.

**6.—Same—Evidence—Exhibition of Wound.**

On trial of robbery, there was no error to permit the State's witness to exhibit to the jury the scars upon his head which he stated were inflicted by his assailant in the alleged robbery.

**7.—Same—Identification—Evidence—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence sufficiently identified the defendant, in making the assault, and otherwise was sufficient to support the conviction, there is no reversible error.

Appeal from the District Court of Titus.  Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of robbery; penalty, seven years' imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.—On question of foreman of grand jury's signature: Witherspoon v. State, 39 Texas Crim. Rep., 65.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Titus County of the offense of robbery, and his punishment fixed at seven years in the penitentiary.

Appellant complains because the name of the foreman of the grand jury did not appear on the copy of the indictment served on him. He asked for a two days postponement in order that he might be served with a true copy of said instrument. We think said motion properly denied. It is the settled law of this State that the signature of the foreman of the grand jury to an indictment is a matter of form, and its omission will not invalidate the indictment. Subdivision 18 under Art. 451, Vernon's C. C. P.; Sec. 513, Branch's Ann. P. C. Neither would such omission invalidate the service upon appellant of a copy of the indictment, otherwise correct.

Appellant asked a continuance because of the absence of Orland Robertson. The application is in rather peculiar form. We quote therefrom: "This defendant made application in the manner and form provided by law for the subpœna of said witness to testify in his behalf, said application was sent the said Orland Robertson who was then at Desote, Eastland County, Texas, working in the oil fields. Said application was dated January 14, 1921, and made returnable January 25, 1921." From other recitals in said application we learn that a subpœna for said witness was sent to Desote, Texas, and had not been returned at the time of trial. No diligence is shown. The application for subpœna was dated January 14th, but the date of the issuance of such subpœna is not stated or shown in any way. It should appear. The subpœna was sent to Desote. To whom, does not appear. Desote is judicially known to us not to be the county seat of Eastland County. It is stated to be the place where the witness was living at the time. Sending a subpœna to the witness would not be diligence. We do not know if there be any officer at Desote, legally authorized to execute a subpœna. These matters of what should be set up in an application, showing diligence are fully discussed. Vernon's C. C. P., p. 307; Branch's Ann. P. C., Sec. 315. There was no error in refusing the application.

One who is present and, knowing the unlawful character of the design of others, acts with them in the commission of an offense, need not be shown to have agreed with them as to all the details. The trial court did not err in refusing special charges Nos. 1 and 2 to the effect that the minds of appellant and the other parties charged to have been acting with him, must have concurred, and their agreement must have been to rob Nicolas Hernandez with a pistol, or else ap-

pellant should be acquitted. An acting together in the robbery of several persons would make the participants guilty, without proof of any particular agreement directed at one of the injured parties. Proof of an acting together of a number of persons in a robbery, would make out the guilt of all, and if the weapon used in the assault was a pistol, proof would not be necessary that it was agreed among the alleged principals that a pistol should be used. Ross v. State, 60 Texas Crim. Rep., 547. In the instant case six Mexicans, working for the Cotton Belt Railway Co., occupied two adjacent cars near a coal chute, close to the town of Mt. Pleasant in Titus County. Two of said Mexicans occupied a car which may be referred to in this opinion as No. 1, and the other four occupied car No. 2. On the night in question the Mexicans who occupied car No. 1 said that some negroes came to their car and knocked on the car door and wanted matches, and when it was opened one of the negroes stuck a pistol in the face of the Mexican who opened the door. The door was hastily shut, and the Mexicans who had opened it said the negroes began to knock on the end door and he went out the door on the other end. In the meantime a shot had been fired through the side door. When he jumped out of the car, appellant and another negro pursued him for a little ways, and then turned back. Said negroes beat up the remaining Mexican in car No. 1, and he left, going into car No. 2. About the time he got into car No. 2 an attack was made on it, and the side door of said car was broken to pieces apparently by the blows of a crowbar. Hernandez, the Mexican who was robbed, stated that he was in car No. 2 and picked up a railroad wrench with which to protect himself in case the door was broken down and the parties entered. When it was battered open he jumped out on the ground and three negroes attacked him, one of whom stuck a pistol in his face, and another of whom took the railroad wrench away from him and beat him over the head therewith, and the party of negroes took from him $97 in money. When they turned him loose he went down the railroad track. He said there were other negroes there besides the three who assaulted him. It appears that some of them got in the car and the other Mexicans fled. The Mexicans said the robbery occurred about 10:30 or 11 o'clock at night. There was a negro dance in the town of Mt. Pleasant that night, and appellant and three other negroes who are named in the record, were present but left before the dance broke up. An officer who was down at said dance, looking for some parties, testified that he saw appellant and said other three negroes going across a pasture in the direction of the coal chute. Another negro who was going home that night and walking down the railroad, testified that as he approached the coal chute about 10:30 or 11 o'clock he saw some men coming and got in a little house and appellant, and the other three negroes named, came from the direction of said Mexican boarding cars.

Appellant has a number of bills of exceptions to what occurred in car No. 1, none of which seem to us to possess merit. The two transactions were so closely connected as to make it apparent that the men who were engaged in one were engaged in the other, and what transpired in car No. 1 was material to the development of the entire transaction, and was *res gestae* of what was done by the negroes in car No. 2. We think evidence of the condition of the Mexican in car No. 1, who was beaten up, was admissible.

The testimony of the witnesses who saw the injured Mexicans coming to town makes it appear that this was about the time, or shortly after that, of the alleged robbery, and was material. Same corroborated the testimony of said Mexicans as to their movements and of the fact that they had been assaulted.

No error appears in permitting the alleged injured party, Hernandez, to exhibit to the jury the scars upon his head which he stated were inflicted by the party of negroes with the railroad wrench, which they took away from him at the time he was robbed.

We think the identification of appellant sufficient. His story of the occurrence amounted to an admission of his presence with said Mexicans in said cars on the night in question; but he stated that he and the other negroes named went down there for the purpose of engaging in a dice game with the Mexicans, and while so occupied a dispute arose and the Mexicans attacked him and his friends with lumps of coal and wrenches and other things, and that he fled. His story as to how the transaction occurred evidently did not appeal to the trial jury, and does not appear to us to be very plausible. The trial court did not err in refusing to give appellant's peremptory instruction.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*